UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

**IN RE GEORGE E. BABCOCK**

C.A. No. 13-mc-107ML

## RESPONSE TO ORDER TO SHOW CAUSE

NOW COMES George E. Babcock, by and through his attorneys ("Babcock"), and
hereby furnishes his response to this Court's Order to Show Cause, Doc. No. 1, dated
September 20, 2013 (the "SCO").

## PRELIMINARY STATEMENT

The Court should consider withdrawing the SCO following review of Babcock's
response herein, including but not limited to the finality of the Consent Order (as defined
herein) which brought the Llerena Case (as defined herein) to conclusion, the travel of the
Llerena Case in particular before the Bankruptcy Court (as defined herein) and the scope of
the Bankruptcy Court and the Court's Local Rules. A review of these points herein will
hopefully persuade the Court that finality of the Consent Order has imposed upon Babcock
a means by which to alter his behavior on a going forward basis to assist him in
representing his clients not only before the Court, the Bankruptcy Court and the Rhode
Island State Courts.

1

## TRAVEL

The SCO germinated from the matter in which Respondent Attorney's law firm represented Braulio and Janet Llerena, debtors in a case commenced before the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") in the matter entitled In re Llerena, BK No. 12-13854 (the "Llerena Case). A copy of the Docket of the Llerena Case of October 20, 2013 is attached herewith as Exhibit A.

The Llerena Case, a 'No asset' case, was commenced on December 12, 2012; the Meeting of Creditors was continued several times from its originally scheduled date of January 7, 2013, was held by the Chapter 7 Panel Trustee on April 2, 2013. The Chapter 7 Panel Trustee filed a Report of No Distribution on April 24, 2013. An order discharging the Debtors was entered by the Bankruptcy Court on May 9, 2013.

Subsequent to this time, discussions between the United States Trustee for the District of Rhode Island (the "Trustee") and Babcock's counsel occurred regarding the administration of the Debtors' case by Babcock and his law firm. From these discussions, the Trustee prepared a Motion Seeking Civil Fines, Disgorgement of Fees, Injunctive Relief and Suspension of CM/ECF Privileges (the "Trustee Motion") along with a proposed Consent Order (the "Consent Order") and forwarded them onto Babcock's counsel who in turn forwarded them onto Babcock. Following a review of the draft pleadings, a meeting was scheduled between the Trustee, his assistant, Babcock and his counsel at the Trustee's office. At this meeting, the Trustee Motion and the Consent Order were agreed to and the Consent Order was executed by Babcock; the Trustee Motion and the Consent Order were filed with the Bankruptcy Court on July 10, 2013, Doc. No. 34.

2

The Bankruptcy Court, after review of the Trustee Motion and Consent Order, did

not schedule a hearing on the Trustee Motion or take any further action but to grant the

Trustee Motion and enter the Consent Order on July 11, 2013. Copies of the Trustee

Motion and the Consent Order are attached herewith as Exhibits B and C, respectively.

There has been no activity on the Llerena Case since that time.

On September 30, 2013, the Court commenced the instant action and entered the

SCO.

## DISCUSSION

**1.  It appears that the SCO is one of first impression before this Court,
notwithstanding other practitioners before the Bankruptcy Court have been parties
to consent orders similar, if not identical to the Consent Order prior to the entry of
the Consent Order by the Bankruptcy Court and none of those practitioners were the
subject of an order to show cause.**

When Babcock received the SCO, he immediately forwarded a copy onto counsel, an

experienced bankruptcy practitioner before the Bankruptcy Court for the past twenty six

years. In addition, counsel has previously represented several practitioners who were also

parties to consent orders in the Bankruptcy Court brought by the Trustee concerning

certain actions which resulted in the suspension of privileges in practice before the

Bankruptcy Court. For at least the matters Babcock's counsel represented other

practitioners, all of those consent orders were similar to that of the Consent Order; motions

were filed by the Trustee similar to the Trustee Motion. The Bankruptcy Court granted the

motions and the consent orders were entered, all without hearings.

A review of the Court's index of cases conducted by counsel did not delineate any

3

prior cases involving practitioners on point; the Clerk of the Court confirmed this to counsel subsequent to the issuance of the SCO.  Therefore, the question of how the Court will proceed herein is one that needs to balance the finality of the Consent Order at its onset.

### 2.  Any action undertaken by this Court to proceed with the SCO has the effect of raising a violation of Babcock's Equal Protection rights.

On January 7, 2013, a consent order was entered by the Bankruptcy Court regarding Augustus Charos, Jr., Esquire in the case of In re Webster, Bk. No. 11-11077, a copy of which is attached hereto as Exhibit D. The consent order was based upon the identical form of motion brought by the Trustee against Babcock and the consent order is identical in form but carries stricter penalties against attorney Charos. To date, the District Court has brought no order to show cause pursuant to DRI LR 214 against Attorney Charos.

On July 11, 2006, a Consent Order was entered by the Bankruptcy Court regarding Edward G. Lawson, Esquire in the matter entitled In re Edward G. Lawson, Bk. No. MP 06-0101, a copy of which is attached hereto as Exhibit E.  The consent order entered in that matter specifically references the Bankruptcy Court's ability to refer the matter to the Court for further proceedings; but states that "attorney Lawson would agree to the jurisdiction of the Bankruptcy Court to hear the matter and the consent order would be entered by the Bankruptcy Court as a final resolution of the Trustee's claims against attorney Lawson and alternative to such a referral."[1]

---

[1] The specific language is:

> "NOW COMES the United States Trustee ("U.S. Trustee") by and through her duly authorized Assistant, and the respondent, Edward G. Lawson, Jr., Esq. ("Mr. Lawson") individually and by and through his attorney, and collectively the "Parties", who hereby move this

4

On February 24, 2006, a consent order was entered by the Bankruptcy Court regarding Thomas Grasso, Esquire in the matter entitled <u>In re Thomas Grasso</u>, Bk. No. 06-01002, a copy of which is attached hereto as Exhibit F. Once again, the consent order was identical to the Trustee Motion as was the consent order, identical in form but with stricter penalties against attorney Grasso.  To date, the Court has brought no order to show cause pursuant to DRI LR 214 against attorney Grasso

On February 4, 2013, an Order was entered by the Bankruptcy Court regarding Richard Applebaum, Esquire in <u>In re Richard Applebaum, Esquire</u>, Bk.13-1001barring him from future filings with the Court. To date, the Court has brought no Order to Show Cause pursuant to DRI LR 214 against attorney Applebaum.

---

honorable Court to accept and approve *this Consent Order in resolution of issues raised by the U.S. Trustee regarding Mr. Lawson's practice before this Court.*

### JURISDICTION

The parties agree that the Court has jurisdiction over this matter under the provisions of 28 U.S.C. §§ 157, 1134, by the Local Bankruptcy Rule 2090-2 and by virtue of the inherent authority that the Court has to Control the conduct of the attorneys who appear before it.  Venue is proper Under the provisions of 28 U.S.C. §§ 1408 & 1409.

### CONTEMPLATED ACTION

After conducting an inquiry into allegations of professional misconduct involving cases before the United States Bankruptcy Court, the United States *Trustee has communicated to Mr. Lawson her intent to initiate an action requesting the Court issue an order to show cause directing Mr. Lawson demonstrate why he should not be referred to the United States District Court for Disciplinary Action*, under the provisions of U.S. Bankruptcy Court Local Rule 2090-2(b).  In an effort to resolve the issues raised by the United States Trustee, *Mr. Lawson has agreed to submit to the disciplinary jurisdiction of the United States Bankruptcy Court and pursuant to the terms enumerated below, he has agreed to cease practice before this court for a period of thirty-six (36) months."* (emphasis added)

5

The legal concept of equal protection is the constitutional guarantee that no person or class of persons shall be denied the same protection of the laws that is enjoyed by other persons or other classes in like circumstances in their lives, liberty, property, and pursuit of happiness. The commencement of this proceeding and the issuance of the SCO operate to deny Babcock those guaranteed rights of these afore-mentioned attorneys and their lack of treatment by the Court as opposed to that of Babcock, specifically through the Court's issuance of the SCO.

3. **Babcock's Fundamental Right of *Res Judicata* is in conflict with the SCO.**

Res Judicata is the Latin term for "a matter already judged." The United States Supreme Court explained the doctrine of res judicata in Commissioner v. Sunnen, 333 U.S. 591 (U.S. 1948), which was followed and cited by this Court in Schiavulli v. Aubin, 504 F. Supp. 483 (D.R.I. 1980), stated:

> "The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, "Res Judicata," 38 Yale L. J. 299; Restatement of the Law of Judgments, §§ 47, 48."

The Consent Order specifically states in numerous paragraphs that it is a final adjudication of all claims that were raised or could have been raised and, therefore, any action by the District Court regarding the matter are barred by *res judicata*.

4. **The content of the Consent Order evidenced the Bankruptcy Court's final disposition against Babcock.**

The final clause of the Consent Order states "that this is the final disposition of the above-captioned matter." Subject to the points that will be presented below, if the negotiations between Babcock, his counsel and the Trustee were to dispose of all of the claims asserted by the Trustee against Babcock, Babcock should be able to rely upon these negotiations and the resulting Consent Order that his agreed upon sanctions should be final against him should mean something/be enforceable. If the Court continues the proceeding and the SCO continues to be prosecuted against Babcock, unless he would be permitted a stay of the SCO to vacate the Consent Order in Bankruptcy Court, Babcock would be extremely prejudiced in this matter, let alone his current clients in this Court.

**5. The Consent Order is also a final judgment in a core proceeding as it was entered in the administration of the Llerena Case.**

Whether an Order entered by the Bankruptcy Court is a final judgment and therefore appealable depends upon whether the proceeding is a core or noncore proceeding. In Sheridan v. Michels (In re Sheridan), 362 F.3d 96 (1st Cir. N.H. 2004) ("Sheridan"), the First Circuit Court of Appeals succinctly explained the difference between core and noncore proceedings:

> "The finality of a bankruptcy court order depends, *inter alia*, upon whether the proceeding in which it was entered constitutes a core or non-core proceeding. Although a district court, as a tribunal established under U.S. Const. art. III, possesses broad jurisdiction to adjudicate all proceedings which even tangentially arise under, or are related to, a bankruptcy case, the district court may opt to refer such cases or proceedings to the bankruptcy courts for hearing or adjudication. 28 U.S.C.S. § 157(a). Of course, unlike the district court, the bankruptcy court is established pursuant to U.S. Const. art. I, rather than U.S. Const. art. III, and its jurisdiction is delimited accordingly. Although the bankruptcy court may hear all "related-to" proceedings which have been referred to it, whether core or non-core, it may enter a final appealable judgment only if (i) the proceeding itself is core, viz., closely

7

> intertwined with and integral to the bankruptcy court's mandate to administer a bankruptcy case; or (ii) the case or proceeding is non-core, but the litigants nonetheless have consented to the entry of a final disposition by the bankruptcy court, rather than by the district court."[2]

Id., at 99.

The Trustee Motion was based upon the allegations in the Llerena Case concerning Babcock's representation of his clients during that proceeding (as more fully set forth in the Trustee Motion). The Consent Order recited the Trustee Motion and certain actions undertaken by Babcock in the course of his representation and was consented to by both parties to be a final disposition of the case by the Bankruptcy Court and a waiver of Babcock's right to appeal the Consent Order.

This Consent Order was the result of a Motion by the U.S. Trustee in the course of the bankruptcy case of a debtor in an effort to administer the bankruptcy debtor's estate and was consented to by both parties to be a final disposition of the case by the Bankruptcy Court rather than allow an appeal to the District Court for further review.

The Consent Order voluntarily entered into by the Respondent Attorney speaks for itself as to its finality:

a) Paragraph 2, Section numbered 4 states: "This order shall be deemed a final adjudication on the merits of the U.S. Trustee's Motion, and on all claims that were raised or that could have been asserted therein".

b) Paragraph 2, Section numbered 5 states: "This Consent Order constitutes the entire agreement between the undersigned parties with respect to this matter."

---

[2] Justice Lynch dissented in Sheridan, explaining the import of the core-noncore distinction; she also was part of the *per curiam* in the matter, In re Zeno, hereinbelow.

8

c) The final paragraph states: "It is further Ordered that this is the final disposition of the above-captioned matter."

d) The Consent Order specifically states that it is a "final adjudication on the merits of the U.S. Trustee's Motion, and on all claims that were raised or that could have been asserted therein" and the Court ordered that "this is the final adjudication of the above-captioned matter." It also acknowledged that the Court could reject the Order and allow for the matter to be further litigated which it was not. Again, had the U.S. Trustee and/or the Bankruptcy Court felt this matter rose to the level warranting discipline of the respondent attorney, they would have and could have titled it as such and/or referred the matter to the District Court for further proceedings under LBR RI 2090-2.

e) Paragraph 2, Section numbered 7 states "Attorney Babcock waives any right to appeal this Consent Order." It was only the specific language of the Consent Order and the discussions with the U.S. Trustee prior to its entry that prompted him to waive his right to appeal. Had Attorney Babcock known or had he been made aware of a referral to the District Court or that the District Court would enter an Order to Show Cause, he would undeniably not have entered into the Consent Order.

**6. The Bankruptcy Court did not make a referral to the Court concerning Babcock's behavior with the relief set forth in the Consent Order.**

The Trustee Motion was not heard by the Court; in fact, the Consent Order was entered on the same day as its filing. The relief sought in the Trustee Motion was granted and entered by the Court without any amendment to the Consent Order filed with the Trustee Motion.

The relief granted to the Trustee Motion was similar, if not identical to those

imposed upon attorney Georgia S. Curtis in the matter of In re Stallworth, 2012 WL 404952

(Bankr. D. Mass.) (hereinafter, "Stallworth"). In Stallworth, William C. Hillman, United

States Bankruptcy Judge (and a former senior seasoned Rhode Island bankruptcy

practitioner prior to his elevation to the Bench) suspended attorney Curtis's filing

privileges before the United States Bankruptcy Court for the District of Massachusetts and

upon finding additional misrepresentations on her part, referred the matter to the United

States District Court for the District of Massachusetts:

> "As will be explained further below, the OSC should not be misrepresented
> as attorney discipline, omnibus or otherwise. The OSC did not question
> whether Attorney Curtis should be practicing before her electronic filing
> privileges should be suspended until such time as she completed additional
> training. Pursuant to 11 U.S.C. §105 (a), I have the authority to issue any
> order necessary to enforce the rules of this Court.[3] The purely disciplinary
> issues warranting referral to the District Court arose later and solely in the
> present case." Stallworth, at 2.[4]

### 7. The Bankruptcy Court is an appendage of this Court; therefore, DRI LR 214 cannot be the basis of this Court's issuance of the SCO.

Local Rule 214 of the United States District Court of Rhode Island states as follows:

> Rule 214. Action taken by other courts or disciplinary agencies.
>
> (a) Show Cause Order. When a certified copy of a judgment or
>
> order is filed with this Court showing that *an attorney who is a*
>
> *member of the Bar of this Court* or who is admitted to practice
>
> before this Court pro hac vice *has been disciplined or found*
>
> *incapacitated to practice by any other court of the United States*,
>
> the District of Columbia, any state, territory, commonwealth or
>
> of the United States or by any agency having disciplinary authority

---

[3] 11 U.S.C. §105 is entitled 'Power of Court'.

[4] The actions of attorney Curtis are certainly distinguishable to those of Babcock referenced in the Trustee Motion.

over attorneys, whether by reason of misconduct, mental infirmity or addiction to drugs or intoxicants, this Court shall, forthwith: (1) provide the attorney with a copy of the judgment or order; and (2) issue an order directing the attorney to show cause, within 14 days from the date of the order, why this Court should not impose the identical discipline and/or make a similar finding of incapacity. In the event the action imposed in the other jurisdiction has been stayed there, any reciprocal action taken by this Court shall be deferred until such stay expires.

(b) Disciplinary Action. If the attorney fails to show cause within the aforesaid 14-day period, this Court shall impose the identical discipline or make the identical finding of incapacity. (emphasis added)

Respectfully, a reading of DRI LR 214 indicates a mandate that the judgment or order finding that an attorney has been disciplined or found incapacitated to practice must come from "any other court of the United States." Further, 28 U.S.C. §151 states that "in each judicial district, the bankruptcy judges in regular active service shall constitute **a unit of the district court** to be known as the bankruptcy court for that district." (emphasis added)

The Administrative Office of the United States Courts on behalf of the Federal Judiciary reiterates this fact that the United States Bankruptcy Court is a unit of the United States District Court within which it resides:

> "The United States district courts are the trial courts of the federal court system. Within limits set by Congress and the Constitution, the district courts have jurisdiction to hear nearly all categories of federal cases, including both civil

11

and criminal matters. There are 94 federal judicial districts,
including at least one district in each state, the District of
Columbia and Puerto Rico. ***Each district includes a
United States bankruptcy court as a unit of the district court***."[5]
(emphasis added)

In Lassman v. Keefe (In re Keefe), 401 B.R. 520 (B.A.P. 1st Cir. 2009), the Bankruptcy

Appellate Panel for the First Circuit, when deciding whether a statute referring to the

"district court" included the "bankruptcy court" held:

"Post judgment interest is governed by 28 U.S.C. §1961(a),
which provides: "Interest shall be allowed on any money
judgment in a civil action recovered in a district court. . . .
Such interest shall be calculated from the date of the entry
of the judgment." A bankruptcy court is a "unit" of the district
court, and, therefore, 28 U.S.C. § 1961(a) applies to bankruptcy
court judgments."

The Bankruptcy Court identifies itself not as a separate court but as a unit of the

Court. See, In re 19101 Corp., 74 B.R. 34 (Bankr. D.R.I. 1987):

"A motion for a change of venue is governed by 28 U.S.C.S. § 1412,
which allows the district court to transfer a case to another district
in the interest of justice or for the convenience of the parties.
Although § 1412 refers to the district court, that section is
applicable because the bankruptcy court is a unit of the district
court, 28 U.S.C.S. § 151, to which the district court refers any
or all cases under title 11 and any or all proceedings arising under
title 11 or arising in or related to a case under title 11. 28 U.S.C.S.
§ 157(a)."

Further evidence that the Bankruptcy Court is a unit of the Court is found in the

Bankruptcy Court's Local Bankruptcy Rules. The ability to practice law before the

Bankruptcy Court is contingent upon one's admission to practice before the District Court.

---

[5] www.uscourts.gov is a website maintained by the Administrative Office of the U.S. Courts on behalf of the
Federal Judiciary.

See, BRI LR 9010-1 ("an attorney who is admitted to practice in the United States District Court for the District of Rhode Island is deemed admitted to practice before the Bankruptcy Court for the District of Rhode Island.").

### 8. The Consent Order Entered into by the United States Trustee and the Respondent is not Disciplinary in Nature and Therefore DRI LR 14 Does Not Apply

As previously stated, DRI LR 214 allows this Court to enter an Order to Show Cause when an attorney has been "disciplined" by any other Court of the United States. Babcock respectfully submits that the Consent Order which is the subject of the SCO was not disciplinary but was in the nature of Bankruptcy Court's exercise of its civil contempt powers and therefore does not fall under the guise of DRI LR 214. The Consent Order was entered with the Trustee Motion in the Llerena Case.

Generally, a finding of civil contempt is not viewed as disciplinary in nature. Civil contempt is generally used by courts to coerce an individual into performing or obeying an order of the court and to compensate the party injured by the contemptuous actions. French v. Am. Gen. Fin. Servs. (In re French), 401 B.R. 295 (Bankr. E.D. Tenn. 2009).

In Stallworth, Judge Hillman commented on the civil contempt powers of a bankruptcy court:

> "... [T]his rule is consistent with the First Circuit's prior recognition that the bankruptcy court has civil contempt powers pursuant to its inherent powers as a court and under the limited equity powers bestowed by 11 U.S.C. §105(a)."

Stallworth, at 6. See, e.g. Bessette v. Avco Fin. Serv. Inc., 230 F.3d 439, 444-445 (1st Cir. 2000); Eck v. Dodge Chemical Co. (In re Power Recovery Sys., Inc.), 950 F.2d 798, 802 (1st Cir. 1991).

Judge Hillman labeled the Bankruptcy Court's civil contempt powers to include the suspension of attorney Curtis' filing privileges:

> "Indeed, the suspension of a Registered User's electronic filing privileges pending further training is in the nature of civil contempt, as the Registered User may purge the contempt at any time by completing the required training. Therefore, in my view, the OSC did not rise to the level of attorney discipline."

Id., at 6.  See, e.g., Int'l Union, United Mine Workers of America v. Bagwell, 512, U.S. 821M 829, 114 s. Ct. 2552, 129 L.Ed. 2d 642 (1994); Penfield Co. of Cal. v. Sec. & Exch. Comm'n, 330 U.S. 585, 590, 67 S.Ct. 918, 91 L.Ed. 1117 (947).

Again, Judge Hillman found that the conduct of attorney Curtis in Stallworth warranted referral to the district court for disciplinary proceedings.  If the Trustee or Judge Finkle had felt the conduct of Babcock warranted further action or disciplinary proceedings, they would have referred the case to the District Court pursuant to BRI LR 2090-2 and more than likely, the Consent Order would never have been entered.  However, Judge Finkle did not make such a referral to the Court.

### 9. The Consent Order Entered into by the United States Trustee and the Respondent is not Disciplinary in Nature and Therefore DRI LR 214 Does Not Apply.

As previously stated, DRI LR 214 allows for this Court to enter an Order to Show Cause when an attorney has been "disciplined" by any other Court of the United States. The Consent Order which is the subject of this Order to Show Cause was not disciplinary and therefore does not fall under the guise of DRI LR 214. The Consent Order was the result of a Motion of the United States Trustee entitled "Motion of the United States Trustee Seeking

14

Civil Fines, Disgorgement of Fees, Injunctive Relief and Suspension of CM/ECF Privileges."

It was brought by the Trustee under a particular bankruptcy case, specifically, In re

Llerena, C.A. No. 12-13854 for the administration of the debtor's bankruptcy estate and not

as a distinct and separate matter to discipline the respondent attorney.

In Stallworth, Judge Hillman held:

> "Indeed, the suspension of a Registered User's electronic
> filing privileges pending further training is in the nature
> of civil contempt, as the Registered User may purge the
> contempt at any time by completing the required training.
> Therefore, in my view, the OSC did not rise to the level
> of attorney discipline"

A finding of civil contempt is not viewed as disciplinary in nature. Civil contempt is

generally used by courts to coerce an individual into performing or obeying an order of the

court and to compensate the party injured by the contemptuous actions. French v. Am. Gen.

Fin. Servs. (In re French), 401 B.R. 295 (Bankr. E.D. Tenn. 2009).

Further, the court in Stallworth found that the conduct of the attorney in that case

warranted referral to the District Court for disciplinary proceedings. If the U.S. Trustee or

the Bankruptcy Judge had felt the conduct of Attorney Babcock warranted further action or

disciplinary proceedings, they would have referred the case to the District Court pursuant

to BRI LR 2090-2.

**10.     An equitable argument exists that the Court cannot mete out any
additional relief beyond the Consent Order insofar as that relief may be deemed
punishment and against the public policy of Rhode Island.**

Babcock admits that there is a tremendous amount of attention (and tension)

relative to the large number of cases he is currently counsel of record before this Court.

However, for the reasons stated hereinabove, there are sufficient grounds for the Court to

monitor Babcock's conduct in his pending cases before this Court and treat the Consent

15

Order as the final adjudication of Babcock's inability to practice before the Bankruptcy Court.

The purpose of an Order to Show Cause pursuant to DRI LR 214 is not to render punishment for friction or conflicts between an attorney and members of the bar or court, for an attorney's passionate and zealous representation of his clients, or for an attorney's displeasing and unpopular that are well within his First Amendment rights.

The Supreme Court of Rhode Island has consistently held that the primary purpose of an attorney sanction or reprimand is not to punish but for the protection of the public. Lisi v. Several Attorneys, 596 A.2d 313 (R.I. 1991); In re Bucci, 119 R.I. 904 (R.I. 1977).

In Carter v. Folcarelli, 121 R.I. 667 (R.I. 1979), the Supreme Court of Rhode Island stated:

> "Although we accord great weight to the board's recommendation, the ultimate responsibility in this area is ours. The primary purpose of discipline is not punishment; it is the protection of the public and those charged with the administration of justice. In re Levin, 116 R.I. 949, 951, 359 A.2d 360, 362 (1976). However, discipline also serves to deter the respondent from committing similar acts in the future and acts as a restraining influence on others. State ex rel. Oklahoma Bar Association v. Hall, 567 P.2d 975, 978 (Okla. 1977). In determining the appropriate disciplinary sanction, several factors are taken into consideration, including the respondent's candor, contrition, and cooperation at the hearings. In re Dedman, 17 Cal. 3d 229, 234, 550 P.2d 1040, 1043, 130 Cal. Rptr. 504, 507 (1976)."

Any action by the Court regarding the Order to Show Cause would actually harm and in effect being punishment on the court system itself and the public. In In re Zeno, 504 F.3d 64 (1st Cir. P.R. 2007), the United States Court of Appeals for the First Circuit, *per curiam*,[6]

---

[6] Babcock calls attention that Justice Lynch participated in the *per curiam* as well as wrote the dissent in Sheridan.

when deciding an attorney's appeal of his suspension by the District Court found that the

interests of the court and his client's outweighed the penalty imposed by the District Court:

> "Beyond this, and despite his lack of remorse, we choose not to
> suspend Zeno from the practice of law before this court. The
> disciplinary findings, of course, did not involve his conduct on
> appeal. ***Moreover, Zeno currently has (by our count) nine CJA
> cases pending before this court, in various stages of preparation.
> We think that what little purpose would be served by a further
> suspension would be outweighed by the resulting inconvenience
> to his clients and this court.***" (emphasis added).

At the height of the proceedings in the MERS Litigation before the Court, Babcock

was counsel of record in over eight hundred (800) cases involving over twelve hundred

(1,200) clients in addition to those family members and other individuals directly affected

by the outcome of these cases.  The gravity of this statistic alone must make the Court

pause and deliberate over the imposition of any additional discipline over Babcock that

would be outweighed by the resulting impact upon Babcock's clients.

In deciding the issue of the mandatory stay placed into effect by this Court, the First

Circuit Court of Appeals in Fryzel v. Mortgage Elec. Registration Sys., 719 F.3d 40 (1st Cir.

R.I. 2013) found that, although empowered to do so, immediate removal of the stay would

be against the interests of the court and the public:

> "Although it would be open to this court simply to vacate the
> injunction and mediation orders, we fear that the practical effect
> of requiring such immediate action on a docket of this size
> would be chaos."

Further, any further action by this Court beyond that of the Consent Order entered

into by the Trustee and Babcock and entered as a final order of the Bankruptcy Court can

be interpreted as a punishment and in no way a protection of the public. The Consent Order

was based upon at best a series of actions by Babcock that cannot be construed rising to the

17

level of willful and wanton conduct. Mr. and Mrs. Llerena were discharged, the Llerena Case was closed by the Bankruptcy Court and there were no repercussions to Babcock's clients. Further action by this Court regarding this matter is in direct contradiction to the purpose of discipline and can only be viewed as punishment for distinctly separate and unidentified actions of Babcock.

## CONCLUSION

In light of the foregoing, and in the interest of the administration of justice coupled with the ensuring practical, fair and equitable supervision over practitioners appearing before the Court, Babcock requests that the Court withdraw the Order to Show Cause and close the pending matter. We are a country of laws and competent practitioners; Babcock, a zealous practitioner, remains committed to his role and responsibilities as a practitioner before the Court and welcomes the opportunity to discuss the effect of the Consent Order upon his efforts to become a more competent practitioner before the Court and all of the other courts to which he is admitted.

Respectfully submitted,

GEORGE E. BABCOCK
By his attorneys,

/s/William J. Delaney

William J. Delaney (#3643)
The Delaney Law Firm LLC
91 Friendship Street, Suite One
Providence, Rhode Island 02903
(401) 454-8000; (401) 553-9000 (fax)
wjd@dlfri.com
Dated: October 22, 2013

18

# EXHIBIT A

**MEANSNO, DISCHARGED, REOPENED**

## United States Bankruptcy Court
## District of Rhode Island (Providence)
## Bankruptcy Petition #: 1:12-bk-13854

|  |  |
|---|---|
| *Assigned to:* Judge Diane Finkle | *Date filed:* 12/12/2012 |
| Chapter 7 | *Date reopened:* 07/10/2013 |
| Voluntary | *Debtor discharged:* 05/09/2013 |
| No asset | *Joint debtor discharged:* 05/09/2013 |
|  | *341 meeting:* 04/22/2013 |
|  | *Deadline for objecting to discharge:* 03/08/2013 |
|  | *Deadline for financial mgmt. course:* 03/08/2013 |

*Debtor disposition:* Standard Discharge
*Joint debtor disposition:* Standard Discharge

**Debtor**
**Braulio F Llerena**
1535 Undercliff Avenue, Apt 522
Bronx, NY 10453
KINGS-NY
SSN / ITIN: xxx-xx-8031

represented by **George E. Babcock (Enjoined until 6/25/2014)**
574 Central Avenue
Pawtucket, RI 02861
(401) 724-1904
Fax : (401) 724-1906

**Joint Debtor**
**Janet C Llerena**
67 Chatham Street
Providence, RI 02904
PROVIDENCE-RI
SSN / ITIN: xxx-xx-3250

represented by **George E. Babcock (Enjoined until 6/25/2014)**
(See above for address)

**Assistant U.S. Trustee**
**Gary L. Donahue**
Office of the U.S. Trustee
10 Dorrance Street
Providence, RI 02903
(401) 528-5551

represented by **Gary L. Donahue**
U.S. Trustee's Office
10 Causeway Street, Room 1184
Boston, MA 02222
(617)788-0412
Fax : (617)565-6368
Email: gary.l.donahue@usdoj.gov

**Trustee**
**Stacy B. Ferrara**
505 Tiogue Avenue, Suite B
Coventry, RI 02816
(401) 823-7991

| Filing Date | # | Docket Text |
|---|---|---|
| 12/12/2012 |  |  |

| | | |
|---|---|---|
| | 1<br>(48 pgs) | Chapter 7 Voluntary Petition . Fee Amount $306 Filed by Braulio F Llerena, Janet C Llerena. (Babcock, George) (Entered: 12/12/2012) |
| 12/12/2012 | | Receipt of filing fee for Voluntary Petition (Chapter 7)(1:12-bk-13854) [misc,volp7a] ( 306.00). Receipt number 2343584, amount $ 306.00. (U.S. Treasury) (Entered: 12/12/2012) |
| 12/12/2012 | 2<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Braulio F Llerena. (Babcock, George) (Entered: 12/12/2012) |
| 12/12/2012 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Joint Debtor Janet C Llerena. (Babcock, George) (Entered: 12/12/2012) |
| 12/13/2012 | 4<br>(3 pgs; 2 docs) | Meeting of Creditors & Notice of Appointment of Interim Trustee Stacy B. Ferrara, with 341(a) Meeting to be held on 01/07/2013 at 02:30 PM at Federal Center (Room 620) Objections to Discharge due by 03/08/2013 (Entered: 12/13/2012) |
| 12/13/2012 | 5<br>(1 pg) | 14 Day Order re: Missing Documents and Automatic Dismissal if Documents Are Not Timely Filed. (related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Braulio F Llerena, Joint Debtor Janet C Llerena). To view the specific items listed in the Missing Documents Order, click on the document number for this entry. Missing Documents Due By: 12/27/2012. (Descoteaux, Janet) (Entered: 12/13/2012) |
| 12/13/2012 | | Financial Management Course Certificate Verifying Completion Due 03/08/2013 (Admin). (Entered: 12/14/2012) |
| 12/15/2012 | 6<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 5 14 Day Order Re: Missing Documents) Notice Date 12/15/2012. (Admin.) (Entered: 12/16/2012) |
| 12/15/2012 | 7<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 4 Creditor Meeting (Chapter 7)) Notice Date 12/15/2012. (Admin.) (Entered: 12/16/2012) |
| 12/17/2012 | | |

| | 8<br>(2 pgs; 2 docs) | Notice of Appearance and Request for Notice Filed by Timothy W. Larson on behalf of JPMorgan Chase Bank, National Association. (Attachments: # 1 Certificate of Service) (Larson, Timothy) (Entered: 12/17/2012) |
|---|---|---|
| 12/21/2012 | 9<br>(25 pgs; 7 docs) | Motion for Relief from Stay re: 65 Chatham Street, Providence, RI 02904 Fee Amount $176, Filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2. Objections to Motion Due: 01/7/2013. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit C# 5 Exhibit D# 6 Certificate of Service) If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3). (Lawton, Peter) (Entered: 12/21/2012) |
| 12/21/2012 | | Receipt of filing fee for Motion for Relief From Stay (1:12-bk-13854) [motion,mrlfsty] ( 176.00). Receipt number 2352242, amount $ 176.00. (U.S. Treasury) (Entered: 12/21/2012) |
| 12/21/2012 | 10<br>(1 pg) | Proposed Order (related document(s)9 Motion for Relief From Stay filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2). Filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2 (related document(s)9 Motion for Relief From Stay filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2). (Lawton, Peter) (Entered: 12/21/2012) |
| 12/26/2012 | 11 | **RESTRICTED ACCESS!**Employee Income Records Filed by Debtor Braulio F Llerena. (Babcock, George) (Entered: 12/26/2012) |
| 12/26/2012 | 12 | **RESTRICTED ACCESS!**Employee Income Records Filed by Joint Debtor Janet C Llerena. (Babcock, George) (Entered: 12/26/2012) |
| 12/26/2012 | 13<br>(1 pg) | Preliminary, Non-Evidentiary Hearing Set re: Motion for Relief from Stay. If no objection or other |

| | | |
|---|---|---|
| | | response is timely filed, the motion may be granted and the matter removed from the calendar. (related document(s)9 Motion for Relief From Stay filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2). . Hearing scheduled for 1/16/2013 at 10:00 AM at 6th Floor Courtroom. (DAgostino, Holly) (Entered: 12/26/2012) |
| 12/28/2012 | 14<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 13 Hearing Set (RFS)) Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 01/09/2013 | | Hearing Not Held (re: 9 Motion for Relief From Stay filed by Creditor Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed Certificates, Series 2005-OPT2). (Lanni, Christine) (Entered: 01/09/2013) |
| 01/09/2013 | 15<br>(1 pg) | Order Granting (# 9)Motion For Relief From Stay . (Lanni, Christine) (Entered: 01/09/2013) |
| 01/09/2013 | | Meeting of Creditors Continued on 2/11/2013 at 12:30 PM at Federal Center (Room 620). (Ferrara, Stacy) (Entered: 01/09/2013) |
| 01/11/2013 | 16<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 15 Order on Motion For Relief From Stay) Notice Date 01/11/2013. (Admin.) (Entered: 01/12/2013) |
| 02/14/2013 | | Meeting of Creditors Continued on 3/7/2013 at 12:00 PM at Federal Center (Room 620). (Ferrara, Stacy) (Entered: 02/14/2013) |
| 02/22/2013 | 17<br>(1 pg) | Initial notice of requirement to file a statement of completion of course in personal financial management. (ADI) (Entered: 02/25/2013) |
| 02/27/2013 | 18<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 17 Initial Financial Management Notice) Notice Date 02/27/2013. (Admin.) (Entered: 02/28/2013) |
| 03/07/2013 | | |

| | | |
|---|---|---|
| | <u>19</u><br>(4 pgs) | Motion to Extend Time (523/727) until May 8, 2013 to Object to discharge Filed by Assistant U.S. Trustee Gary L. Donahue. Objections to Motion Due: 03/25/2013. (Donahue, Gary) (Entered: 03/07/2013) |
| 03/08/2013 | <u>20</u><br>(4 pgs) | Motion to Extend Time (523/727) until May 8, 2013 to Object to Debtors' Discharge Filed by Trustee Stacy B. Ferrara. Objections to Motion Due: 03/25/2013. (Ferrara, Stacy) (Entered: 03/08/2013) |
| 03/08/2013 | | Meeting of Creditors Continued to 3/28/2013 at 11:00 AM at Federal Center (Room 620). (Ferrara, Stacy) (Entered: 03/08/2013) |
| 03/26/2013 | <u>21</u><br>(1 pg) | Order Granting Motion to Extend Time (523/727) to: file 523/727 complaint (Related Doc # <u>19</u>) . Updated Deadline Due By:5/8/2013 for UST to file complaint. (Lanni, Christine) (Entered: 03/26/2013) |
| 03/26/2013 | <u>22</u><br>(1 pg) | Order Granting Motion to Extend Time (523/727) to: file 523/727 Complaint (Related Doc # <u>20</u>) . Updated Deadline Due By:5/8/2013 for Trustee Stacy B. Ferrara to file complaint. (Lanni, Christine) (Entered: 03/26/2013) |
| 03/27/2013 | <u>23</u><br>(15 pgs; 2 docs) | Amended Schedule(s)/Statements Filed: Schedule A, Schedule D, Stmt of Financial Affairs, [Fee Due Yes] Fee Amount $30 Filed by Debtor Braulio F Llerena, Joint Debtor Janet C Llerena. (Attachments: # <u>1</u> Certificate of Service) (Babcock, George) (Entered: 03/27/2013) |
| 03/27/2013 | | Receipt of filing fee for Amended Schedules and Statements(1:12-bk-13854) [misc,amschstm] ( 30.00). Receipt number 2425563, amount $ 30.00. (U.S. Treasury) (Entered: 03/27/2013) |
| 03/28/2013 | <u>24</u><br>(3 pgs) | Amended Certificate of Service *3-28-2013* Filed by Debtor Braulio F Llerena, Joint Debtor Janet C Llerena (related document(s)<u>23</u> Amended Schedules and Statements filed by Debtor Braulio F Llerena, Joint Debtor Janet C Llerena). (Babcock, George) (Entered: 03/28/2013) |
| 03/28/2013 | <u>25</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) <u>21</u> Order on Motion to |

| | | |
|---|---|---|
| | | Extend Time (523/727)) Notice Date 03/28/2013. (Admin.) (Entered: 03/29/2013) |
| 03/28/2013 | <u>26</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) <u>22</u> Order on Motion to Extend Time (523/727)) Notice Date 03/28/2013. (Admin.) (Entered: 03/29/2013) |
| 03/29/2013 | | Added Creditor Objection to Discharge Deadline re: (related document(s)<u>23</u> Amended Schedules and Statements filed by Debtor Braulio F Llerena, Joint Debtor Janet C Llerena). Added Creditors Objection to Discharge:5/28/2013. (Lanni, Christine) (Entered: 03/29/2013) |
| 04/02/2013 | | Meeting of Creditors Continued to 4/22/2013 at 12:30 PM at Federal Center (Room 620). (Ferrara, Stacy) (Entered: 04/02/2013) |
| 04/24/2013 | | Chapter 7 Trustee's Report of No Distribution: I, Stacy B. Ferrara, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned (without deducting any secured claims): $ 460433.00, Assets Exempt: $ 12600.00, Claims Scheduled: $ 1073835.76, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): $ 1073835.76. (Ferrara, Stacy) (Entered: 04/24/2013) |
| 05/02/2013 | | Chapter 7 Trustee's Report of No Distribution: I, Stacy B. Ferrara, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a |

| | | |
|---|---|---|
| | | diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 5 months. Assets Abandoned (without deducting any secured claims): $ 460433.00, Assets Exempt: $ 12600.00, Claims Scheduled: $ 1073835.76, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment(without deducting the value of collateral or debts excepted from discharge): $ 1073835.76.. No Asset Report Hold for 30 days:06/3/2013. (Ferrara, Stacy) Filed by Trustee (Entered: 05/02/2013) |
| 05/02/2013 | | Withdrawal of Document. Court will terminate WITHDRAWN document Filed by Trustee Stacy B. Ferrara (related document(s) Chapter 7 Trustee's Report of No Distribution filed by Trustee Stacy B. Ferrara). (Ferrara, Stacy) (Entered: 05/02/2013) |
| 05/03/2013 | | Document terminated - Document Withdrawn. (related document(s): Chapter 7 Trustee's Report of No Distribution filed by Trustee Stacy B. Ferrara) (Lanni, Christine) (Entered: 05/03/2013) |
| 05/07/2013 | 27 (1 pg) | Financial Management Course Certificate Filed by Debtor Braulio F Llerena. (Babcock, George) (Entered: 05/07/2013) |
| 05/07/2013 | 28 (1 pg) | Financial Management Course Certificate Filed by Joint Debtor Janet C Llerena. (Babcock, George) (Entered: 05/07/2013) |
| 05/09/2013 | 29 (2 pgs) | Order Discharging Debtor (Lanni, Christine) (Entered: 05/09/2013) |
| 05/11/2013 | 30 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 29 Order Discharging Debtor) Notice Date 05/11/2013. (Admin.) (Entered: 05/12/2013) |

| 05/29/2013 | | Order Discharging Chapter 7 Trustee & Closing No Asset Case (TEXT ONLY) (Lanni, Christine) (Entered: 05/29/2013) |
|---|---|---|
| 06/20/2013 | 31 (3 pgs) | Agreed Motion to Reopen Case . Fee Waived - Filed by Assistant U.S. Trustee Gary L. Donahue. Objections to Motion Due: 07/8/2013. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3). (Donahue, Gary) Modified fee info on 6/20/2013 (McCurdy, Michelle). (Entered: 06/20/2013) |
| 07/10/2013 | 32 (1 pg) | Order Granting Motion To Reopen Chapter 7 Case (Related Doc # 31) . (Lanni, Christine) (Entered: 07/10/2013) |
| 07/10/2013 | 33 (9 pgs) | Motion seeking civil fines, disgorgement of fees injunctive relief and suspension of cm/ecf privileges Filed by Gary L. Donahue. Objections to Motion Due: 07/29/2013. If this is an Emergency Motion, the objection deadline will not apply and a new deadline will be set by the court. See Local Bankruptcy Rule 9013-2(e)(3). (Donahue, Gary) (Entered: 07/10/2013) |
| 07/10/2013 | 34 (4 pgs) | Proposed Order Consent Order (related document(s) 33 Generic Motion filed by Assistant U.S. Trustee Gary L. Donahue). Filed by Assistant U.S. Trustee Gary L. Donahue (related document(s)33 Generic Motion filed by Assistant U.S. Trustee Gary L. Donahue). (Donahue, Gary) (Entered: 07/10/2013) |
| 07/11/2013 | 35 (4 pgs) | Consent Order Granting 33 Motion Seeking Civil Fines, Disgorgement Of Fees, Injunctive Relief And Suspension of CM/ECF Privileges filed by Assistant U.S. Trustee Gary L. Donahue. (Lanni, Christine) (Entered: 07/11/2013) |
| 07/12/2013 | 36 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 32 Order on Motion to Reopen Case) Notice Date 07/12/2013. (Admin.) (Entered: 07/13/2013) |
| 07/13/2013 | 37 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE:related documents(s) 35 Generic Order) Notice Date 07/13/2013. (Admin.) (Entered: 07/14/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/20/2013 10:19:33 | | | |
| **PACER Login:** | gb1952 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-bk-13854 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                     )
                                           )
BRAULIO F. LLERENA and                     )
JANET C. LLERENA,                          )       Chapter 7
                                           )       Case No. 12-13854
                  Debtors                  )
                                           )

MOTION OF THE UNITED STATES TRUSTEE
SEEKING CIVIL FINES, DISGORGEMENT OF FEES, INJUNCTIVE
RELIEF AND SUSPENSION OF CM/ECF PRIVILEGES

Pursuant to 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 329(b) and 526, Fed. R. Bankr. P. 2016

and 2017, and R.I. LBR 2016-2, 2017-1, and 5005-4, the United States Trustee hereby moves the

Court to Order Attorney Gorge E. Babcock to pay an appropriate civil fine to the United States

Trustee, disgorge all fees collected in this case and return said fees to the debtors, enjoin future

violation of 11 U.S.C. § 526 and for the suspension of CM/ECF privileges for violation of the

rules of this Court.  In support, the United States Trustee respectfully represents the following:

FACTS

1.      Attorney Babcock filed a voluntary petition on December 12, 2012 on behalf of

Braulio F. Llerena and Janet Llerena ("Debtors").

2.      Attorney Babcock was paid $1,200 to represent the Debtor's in this bankruptcy

case.

3.      Attorney Babcock prepared and filed on December 12, 2012 using the Court's

cm/ ecf system the following documents with the Debtors' purported electronic signatures.

A.      Voluntary Petition, Dkt. #1 page 3.

B.      Statement of Compliance with Credit Counseling, Dkt. #1, page 4.

C.      Statement of Compliance with Credit Counseling Dkt. #7, page 5.

D.      Declaration Concerning Debtor's Schedules, Dkt. #1, page 25.

E.      Declaration on Statement of Financial Affairs. Dkt #1, page 31.

F.      Declaration on Form 22A. Dkt. #1, page 39.

G.      Declaration on Debtor's Statement of Intention. Dkt. #1, page 40.

4.      Upon information and belief, the Debtors did not sign the above documents on December 12, 2012 and Attorney Babcock did not have an original signature in his file on December 12, 2012.

5.      The Debtors did not sign the above documents and declarations under oath until immediately before the continued meeting of creditors held on March 7, 2013.

6.      Upon information and belief, and subject to further discovery, Attorney Babcock has engaged in a pattern or practice of not having original signatures in his files for documents bearing the purported electronic signature of debtors.

7.      Prior to filing the instant bankruptcy case, on October 26, 2012, Attorney Babcock filed a civil action on behalf of the Debtors in the United States District Court for the District of Rhode Island, CA12-758M against Mortgage Electronic Registration Systems, Inc.; Greenpoint Mortgage Funding, Inc.; and Federal National Mortgage Association.

8.      Attorney Babcock failed to adequately advise the Debtors about their obligation to disclose the pre-petition law suit in their Bankruptcy Schedules and Statement of Financial Affairs.

9.      Attorney Babcock prepared Bankruptcy Schedules and Statement of Financial Affairs for filing with this Court that he either knew or should have known were materially inaccurate because these documents failed to disclose the existence of a law suit in which he was counsel for the Debtors.

2

10.    The initial Schedules and Statement of Financial affairs also failed to disclose the

Debtors' interest in real estate in Florida as well as a pre-petition transfer of corporate assets to a

relative of the Debtors.

11.    Upon information and belief, and subject to further discovery, Attorney Babcock

failed to provide Debtors with a clear and conspicuous written notice as required by 11 U.S.C.

§§ 342(b)(1) and 527(a) in this case and other cases.

12.    Upon information and belief, and subject to further discovery, Attorney Babcock

failed to provide the Debtors with a separate document, containing a notice as required by 11

U.S.C §527(b) in this case and other cases.

13.    Upon information and belief, and subject to further discovery, Attorney Babcock

failed to provide the Debtors with an executed written contract that clearly and conspicuously

explained the services Attorney Babcock was to provide to them, the fees or charges for such

services, and the terms of payment for such services as required by 11 U.S.C. §528 in this case

and other cases.

14.    The Debtors appeared, were sworn and testified at the first meeting of creditors in

this case on March 7, 2013.

15.    Mr. Braulio Llerena testified at the March 7, 2013, meeting that he was unaware

that he was a plaintiff in a civil action pending in the U.S. District Court filed by Attorney

Babcock.

16.    Both Debtors testified at the March 7, 2013 meeting of creditors that they had not

signed their Bankruptcy Schedules or Statement of Financial Affairs until that day, March 7,

2013.

## ARGUMENT

### a.   *Disgorgement*

17.    With regard to pre-petition legal fees, Section 329(b) of the Bankruptcy code

provides that:

> If such compensation exceeds the reasonable value of any such
> services, the court may cancel any such agreement, or order the return of any
> such payment, to the extent excessive, to-
>> (1)  the estate, if the property transferred-
>> (A)  would have been property of the estate; or
>> (B)  was to be paid by or on behalf of the debtor under a plan under
>>       chapter 11, 12, or 13 of this title; or
>> (2)  the entity that made such payment.

18.    Rule 2017 implements Section 329.  In part, 2017(a) provides:

> On motion, by the debtor, the United States Trustee, or on the courts
> own initiative, the court after notice and a hearing, may determine whether any
> payment of money or any transfer of property by the debtor, made directly or
> indirectly and in contemplation of the filing of a petition under the code by or
> against the debtor or before the entry of the order for relief in an involuntary
> case, to an attorney for services rendered or to be rendered is excessive.

19.    Section 329 and Rule 2017 provide the basis by which the Court may examine the

reasonableness of compensation paid to an attorney and disgorge so much of it which exceeds a

reasonable amount.  *See, In re Diamond Mortgage Corp. of Illinois*, 135 B.R. 78 (Bankr N.D. Ill

1990); *In re Wittman Eng'g & Mfg. Co., Inc.*, 66 B.R. 488 (Bankr. N.D. Ill. 1986); In re Red

*Carpet Corp., v. Miller*, 708 F.2d 1576 (11th Cir. 1983); *In re St. Pierre*, 4 B.R. 184 (Bankr. RI

1980). *See also*, 3 Colliers ¶329.04[1] at 329-16 (15th ed. rev. 2001).

4

20.  The compensation to Attorney Babcock exceeds the reasonable value of such services. The Debtors did not receive the value of services for which they paid. Attorney Babcock provided inaccurate advice regarding the preparation of the Debtor's Schedules and Statement of Financial Affairs.

b. *Violations of Section 526*

21.  The Debtors in this case are assisted persons pursuant to 11 U.S.C. § 101(3).

22.  Attorney Babcock provided "bankruptcy assistance" pursuant to 11 U.S.C. § 101(4)(A).

23.  Attorney Babcock is a debt relief agency as that term is defined under 11 U.S.C. § 101(12)(A).

24.  Pursuant to 11 U.S.C. § 526(c)(1):

(c)(1) Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of this section, section 527, or section 528 shall be void and may not be enforced by any Federal or State court or by any other person, other than such assisted person.

25.  The agreement entered into between the Attorney Babcock and the Debtors for bankruptcy assistance did not comply with the material requirements of Sections 526, 527, or 528 of the Bankruptcy Code.

26.  Pursuant to 11 U.S.C. § 526(c)(5):

(5) Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the

5

debtor, finds that a person intentionally violated this section, or engaged
in a clear and consistent pattern or practice of violating this section, the
court may—

(A) enjoin the violation of such section; or

(B) impose an appropriate civil penalty against such person.

27. Pursuant to 11 U.S.C. § 526(a)(3)(A):

(a) A debt relief agency shall not—
***

(3) misrepresent to any assisted person or prospective assisted
person, directly or indirectly, affirmatively or by material omission, with
respect to—

(A) the services that such agency will provide to such person

28. By failing to comply with the disclosure requirements of 11 U.S.C. §§ 527 and

528, Attorney Babcock has, on numerous occasions and by means of omission, intentionally

misrepresented to the Debtors, the nature of the services that he would provide to them.

29. Attorney Babcock as set forth in the preceding paragraphs of this Motion has

engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526 and this Court

is authorized to enjoin such violation or impose an appropriate civil penalty.


c. *Violations of Local Rule 5005-4 and suspension of cm / ecf privileges*

30. Local Rule 5005-4 (j) of this Court requires a registered user to maintain the

original signatures for two years after the case is closed for documents filed that bear "electronic

signatures" using the designation "/s/."

31. As detailed above, Attorney Babcock prepared and filed several documents

6

bearing the Debtors purported electronic signature that the Debtors had not seen or signed.

32.     Pursuant to Local Rule 5005-4(b)(C)(iv) this Court has authority to revoke an
electronic filers password and therefore his ability to electronically file documents:

> (iv) Revocation. The Court may revoke an Electronic Filer's password
> and, therefore, his or her authority and ability to electronically file documents
> for: (1) failure to comply with any provision of the agreement contained in the
> Electronic Filer's Registration Form; (2) failure to adequately protect his or her
> password; (3) failure to comply with the provisions of these Local Rules; (4)
> failure to pay fees required for documents filed electronically; (5) other misuse
> of the System; or (6) as a sanction ordered by the Court after notice and
> opportunity for hearing.

33.     Attorney Babcock' conduct in this case warrants the suspension of his cm/ecf
password and filing privileges based upon his violation of the Local Rules and as a sanction.

7

WHEREFORE, the United States Trustee prays that the Court i) Order the payment of an appropriate civil fine to the United States Trustee; ii) Order Attorney Babcock to disgorge $1,200 to the Debtors and to file an affidavit with this Court within seven days of the granting of this motion attesting to the return of all fees to the Debtors; iii) Order that Attorney Babcock be enjoined from future violation of 11 U.S.C. § 526; iv) Ordering the suspension of Attorney Babcock' cm/ecf filing privileges and v) such other and further relief as it deems meet and just.

Respectfully submitted,

WILLIAM K. HARRINGTON
United States Trustee

Dated: July 10, 2013          By:      /s/ Gary L. Donahue
                                      Gary L. Donahue
                                      Assistant U.S. Trustee
                                      U.S. Department of Justice
                                      10 Dorrance Street, Suite 910
                                      Providence, RI 02903
                                      Tel:(401) 528-5551
                                      Fax:(401) 528-5163

WITHIN FOURTEEN (14) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF SERVED BY MAIL, ANY PARTY AGAINST WHOM SUCH PAPER HAS BEEN SERVED, OR ANY OTHER PARTY WHO OBJECTS TO THE RELIEF SOUGHT, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO SAID PAPER WITH THE BANKRUPTCY COURT CLERK'S OFFICE, 380 WESTMINSTER STREET, 6TH FLOOR, PROVIDENCE, RI 02903, (401) 626-3100. IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED, THE PAPER WILL BE DEEMED UNOPPOSED AND WILL BE GRANTED UNLESS: (1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 10, 2013, true and correct copies of the foregoing Motion were served via the U.S. Bankruptcy Court's CM/ECF filing system or by United States mail, First Class postage pre-paid to those persons not appearing on the Court's receipt of electronic filing.

George E. Babcock    george.babcock@babcocklawoffices.com,
Tom.McGovern@babcocklawoffices.com;rose@babcocklawoffices.com
Stacy B. Ferrara    stacyferrara@earthlink.net, RI11@ecfcbis.com;sferraralaw@hotmail.com
Timothy W. Larson    bankruptcy@orlansmoran.com
Peter Andrew Lawton    squinn@mlg-defaultlaw.com, yfrails@mlg-defaultlaw.com;petelawtonesquire@yahoo.com

William J. Delaney WJD@dlfri.com  via e-mail.


/s/ Gary L. Donahue

9

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                              )
                                    )
BRAULIO F. LLERENA and              )
JANET C. LLERENA,                   )       Chapter 7
                                    )       Case No. 12-13854
                    Debtors         )
                                    )

CONSENT ORDER GRANTING THE UNITED STATES TRUSTEE'S
MOTION SEEKING CIVIL FINES, DISGORGEMENT OF FEES, INJUNCTIVE
RELIEF AND SUSPENSION OF CM/ECF PRIVILEGES

Upon the Motion of the United States Trustee seeking civil fines, disgorgement of fees,

injunctive relief and suspension of CM /ECF privileges, ("U.S. Trustee's Motion"), and it

appearing that the United States Trustee, and Attorney George E. Babcock, Esq. ("Attorney

Babcock"), have reached an agreement as to the UST Motion.

The United States Trustee and Attorney Babcock hereby represent and stipulate to the

following:

1.  Attorney Babcock acknowledges that he is represented by Attorney William

    Delaney and that sufficient facts exist for the granting of the UST Motion and that

    he has voluntarily entered into this Consent Order;

2.  Attorney Babcock was paid $1,200, in connection with this case.

3.  Should the Court reject this Consent Order, the undersigned parties shall be free

    to proceed litigating the merits of U.S. Trustee's Motion;

4.  This order shall be deemed a final adjudication on the merits of the U.S. Trustee's

    Motion, and on all claims that were raised or that could have been asserted

    therein;

5.  This Consent Order constitutes the entire agreement between the undersigned

I hereby certify that this instrument, document no. 35,
filed on 7/11/2013, is a true and correct copy of the
electronically filed/imaged original.
    Attest: Susan M. Thurston, Clerk
    U.S. Bankruptcy Court
    District of Rhode Island
    By:
    Deputy Clerk

parties with respect to this matter;

6. Attorney Babcock acknowledges and agrees that the United States Trustee has not made and/or given any other representation, promise, inducement, or reward, and/or given or promised to give any other consideration of any kind whatsoever to Attorney Babcock, or anyone else on his behalf, in connection with this Consent Order;

7. Attorney Babcock specifically waives any right to appeal this Consent Order.

Now therefore it is hereby:

ORDERED: that the UST Motion is granted with the granting of relief as is stipulated herein; It is further

ORDERED: that effective as of June 25, 2013, Attorney Babcock and any person or entity acting in concert with him directly or indirectly is enjoined for a period of one year from: i) acting as a debt relief agency, including as an attorney for a Debtor in this Court; and ii) soliciting, assisting, advising, and providing legal guidance, advice, assistance, or consultation of any kind to any person in connection with the filing or prosecution of any bankruptcy case or any document in any bankruptcy case, whether for a fee or for free, in the or from the District of Rhode Island including the preparation of documents for filing in federal jurisdictions outside of the District of Rhode Island. It is further

ORDERED: that Attorney Babcock shall forfeit and refund to the debtors, the sum of $1,200 in good, certified funds, no later than July 1, 2013. It is further

ORDERED: that pursuant to 11 U.S.C. §§ 105 and 526, Attorney Babcock is fined a total of $10,000 in connection with the bankruptcy case of Braulio and Janet Llerena, and such fines are payable to the United States Trustee. Plaintiff agrees to voluntarily forebear collection of the

2

$10,000 in fines so long as, Attorney Babcock, his agents, servants, employees, associates, or any person or entity in active concert and participation with him, comply with, and do not violate, the terms of this order. It is further

ORDERED the $10,000 fine shall be due and payable immediately by Attorney Babcock upon any violation of this order and the terms set forth herein and upon the filing of a certification of a representative of the United States Trustee of Attorney Babcock's violation of the terms of this agreed order, a separate order for the immediate payment of the Fines shall issue in favor of the United States Trustee. It is further

ORDERED that the one year injunction shall continue beyond the initial one year period until such time as Attorney Babcock has completed 20 hours of continuing legal education; 10 on consumer bankruptcy issues and 10 on legal ethics from recognized non-profit legal education entities such as but not limited to: Rhode Island Bar Association, American Bankruptcy Institute or any similar organization and filed proof of such attendance with this Court. It is further

ORDERED that pursuant to Local Rule 5005-4(C)(iv)(3) the Clerk of the U.S. Bankruptcy Court shall revoke the cm /ecf filing privileges of Attorney Babcock and shall not issue access to Attorney Babcock during the time period that the above injunction remains in effect. It is further

3

ORDERED that this is the final disposition of the above-captioned matter.

Signed at Providence, Rhode Island this __11th__ day of __July__, 2013.

AGREED AS TO SUBSTANCE

AND FORM:
WILLIAM K. HARRINGTON
United States Trustee for Region One

By: _____
Gary L. Donahue
Assistant U.S. Trustee
U.S. Department of Justice
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551 x 100
Fax: (401) 528-5163
E-mail: Gary.L.Donahue@usdoj.gov

AGREED AS TO SUBSTANCE
AND FORM:

_____
George E. Babcock, Esq.
574 Central Avenue
Pawtucket, RI 02861
401-724-1904

For Attorney George E. Babcock, Esq.

_____          6/19/93
William J. Delaney, Esq.
The Delaney Law Firm LLC
91 Friendship Street, Suite 1
Providence, RI 02903

ACCEPTED, APPROVED,  ENTER

_____ 07/11/2013          Dated: July 11, 2013
Honorable Diane Finkle,
U.S. Bankruptcy Judge

4

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:                                    )
JASON WEBSTER, and                        )
PAULA WEBSTER,                            )        Chapter 7
                        Debtors           )        Case No. 11-11077
                                          )
                                          )

## CONSENT ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION SEEKING CIVIL FINES, DISGORGEMENT OF FEES, INJUNCTIVE RELIEF AND SUSPENSION OF CM/ECF PRIVILEGES

Upon the Motion of the United States Trustee seeking civil fines, disgorgement of fees, injunctive relief and suspension of CM /ECF privileges, ("UST Motion"), and it appearing that the United States Trustee, and Augustus Charos, Jr., Esq. ("Attorney Charos"), have reached an agreement as to the UST Motion.

The United States Trustee and Attorney Charos hereby represent and stipulate to the following:

1. Attorney Charos acknowledges that sufficient facts exist for the granting of the Motion and that he has voluntarily entered into this Consent Order;

2. Should the Court reject this Consent Order, the undersigned parties shall be free to proceed litigating the merits of U.S. Trustee's Motion;

3. This order shall be deemed a final adjudication on the merits of the U.S. Trustee's Motion, and on all claims that were raised or that could have been asserted therein;

4. This Consent Order constitutes the entire agreement between the undersigned parties;

5. Attorney Charos acknowledges and agrees that the United States Trustee has not made and/or given any other representation, promise, inducement, or reward, and/or given or promised to give any other consideration of any kind whatsoever to Attorney Charos, or anyone else on his behalf, in connection with this Consent Order;

6. Attorney Charos specifically waives any right to appeal this Consent Order.

Now therefore it is hereby:

ORDERED: that the UST Motion is granted with the granting of relief as is stipulated herein;

It is further

ORDERED: that effective as February 28, 2013, Attorney Charos and any person or entity acting in concert with him directly or indirectly is enjoined for a period of two years from: i) acting as a debt relief agency, including as an attorney for a Debtor in this Court; and ii) soliciting, assisting, advising, and providing legal guidance, advice, assistance, or consultation of any kind to any person in connection with the filing or prosecution of any bankruptcy case or any document in any bankruptcy case, whether for a fee or for free, in the or from the District of Rhode Island including the preparation of documents for filing in federal jurisdictions outside of the District of Rhode Island.

It is further

ORDERED: that Attorney Charos shall forfeit and refund to the Debtors, Jason and Paula Webster, the sum of $1,501 in good, certified funds, no later than Thursday, February 28, 2013. It is further

2



ORDERED: that pursuant to 11 U.S.C. §§ 105 and 526, Attorney Charos is fined a total

of $10,000 in connection with the bankruptcy case of Jason and Paula Webster, and such fines

are payable to the United States Trustee. Plaintiff agrees to voluntarily forebear collection of the

$10,000 in fines so long as, Attorney Charos, his agents, servants, employees, associates, or any

person or entity in active concert and participation with him, comply with, and do not violate, the

terms of this order.

It is further

ORDERED the $10,000 fine shall be due and payable immediately by Attorney Charos

upon any violation of this order and the terms set forth herein and upon the filing of a

certification of a representative of the United States Trustee of Attorney Charos' violation of the

terms of this agreed order, a separate order for the immediate payment of the Fines shall issue in

favor of the United States Trustee.

ORDERED that the two year injunction shall continue beyond the initial two year period

until such time as Attorney Charos has completed 20 hours of continuing legal education on

consumer bankruptcy issues from recognized non-profit legal education entities such as but not

limited to: Rhode Island Bar Association, American Bankruptcy Institute or any similar

organization and filed proof of such attendance with this Court.

ORDERED that pursuant to Local Rule 5005-4(C)(iv)(3) the Clerk of the U.S.

Bankruptcy Court shall revoke the cm/ecf filing privileges of Attorney Charos and shall not issue

access to Attorney Charos during the time period that the above injunction remains in effect.

ORDERED that this is the final disposition of the above-captioned matter.

3

Signed at Providence, Rhode Island this 26th day of December, 2012.

AGREED AS TO SUBSTANCE
AND FORM:

WILLIAM K. HARRINGTON
United States Trustee for Region One

By: _____

Gary L. Donahue
Assistant U.S. Trustee
U.S. Department of Justice
Office of the U.S. Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903
Tel: (401) 528-5551 x 100
Fax: (401) 528-5163
E-mail: Gary.L.Donahue@usdoj.gov

AGREED AS TO SUBSTANCE
AND FORM:

_____

Augustus Chatos, Jr., Esq.
875 Oaklawn Avenue
Suite 1B North
Cranston, RI 02920

ACCEPTED, APPROVED,  ENTER

_____

Honorable Diane Finkle,
U.S. Bankruptcy Judge

Dated:  1/7/13

4

# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | |
| EDWARD G. LAWSON, | ) | M.P. 06-0101 |
| | ) | |
| Respondent | ) | |
| | ) | |

## CONSENT ORDER

NOW COMES the United States Trustee ("U.S. Trustee") by and through her duly authorized Assistant, and the respondent, Edward G. Lawson, Jr., Esq. ("Mr. Lawson") individually and by and through his attorney, and collectively the "Parties," who hereby move this honorable Court to accept and approve this Consent Order in resolution of issues raised by the U.S. Trustee regarding Mr. Lawson's practice before this Court.

## JURISDICTION

1.    The Parties hereby agree that the Court has jurisdiction over this matter under the provisions of 28 U.S.C. §§ 157, 1134, by Local Bankruptcy Rule 2090-2 and by virtue of the inherent authority that the Court has to control the conduct of the attorneys who appear before it. Venue is proper under the provisions of 28 U.S.C. §§ 1408 & 1409.

## CONTEMPLATED ACTION

2.    After conducting an inquiry into allegations of professional misconduct involving cases before the United States Bankruptcy Court, the United States Trustee has communicated to Mr. Lawson her intent to initiate an action requesting the Court issue an order to show cause directing Mr. Lawson demonstrate why he should not be referred to the United States District Court for Disciplinary Action, under the provisions of U.S. Bankruptcy Court Local Rule 2090-2 (b).

3.    In an effort to resolve the issues raised by the United States Trustee, Mr. Lawson has agreed to submit to the disciplinary jurisdiction of the United States Bankruptcy Court and pursuant to the terms enumerated below, he has agreed to cease practice before this court for a period of thirty-six (36) months.

## THE ALLEGATIONS

4.  The U.S. Trustee asserts that the basis for said action is predicated on the allegations contained in Exhibit A, which are attached hereto.

## ATTESTATIONS

5.  Attorney Edward G. Lawson, Jr., hereby attests to the following:

   a.  That his consent to discipline provided for below is freely and voluntarily given and that he has not been subjected to coercion or duress; and

   b.  That he is fully aware of the implications of executing this consent order; and

   c.  That he has consented to the terms contained herein because he cannot successfully defend himself against these allegations.

## TERMS

6.  Mr. Lawson shall cease all practice in or before the United States Bankruptcy Court for the District of Rhode Island (the "Bankruptcy Court") for a period of THIRTY-SIX (36) months, commencing August 15, 2007 (hereinafter the "Effective Date"); Said cessation of practice shall include any attendance at court hearings, meetings of creditors, and the filing of any and all petitions, pleadings and motions before the Bankruptcy Court. Said cessation shall also include the counseling or representation of any client in any bankruptcy matter within the jurisdiction of the Bankruptcy Court.

7.  This Consent Order shall not be construed as an agreement by Mr. Lawson to voluntarily cease the practice of law and/or as an agreement not to appear before any other court for which he is admitted.

8.  During the time between the entry of this order and the Effective Date, Mr. Lawson shall make an inventory of all open or pending bankruptcy matters wherein he has been retained as counsel within the jurisdiction of the Bankruptcy Court. He shall immediately consult with his counsel, Mr. William Delaney, regarding the appropriate legal action, if any, that is needed in each case. Mr. Delaney herein agrees to provide supervisory attorney oversight to Mr. Lawson for each and every open and pending bankruptcy matter within the jurisdiction of the Bankruptcy Court.

9.      On or before August 1, 2007, Mr. Lawson shall file a report with the United States
Bankruptcy Court, with service to the U.S. Trustee, wherein he details the status of all open
or pending cases, and wherein he identifies who successor counsel is, if any, and what fees,
if any, were unearned and returned to the respective clients.

10.     With regards to the fees received by Mr. Lawson from Paul and Claire DiNobile, he shall
disgorge and refund $1,726 to them within 60 days from the date of the entry of this Order.
Mr. Lawson shall serve the United States Trustee with proof of this disgorgement within 30
days of same.

11.     With regards to the fees received by Mr. Lawson from Linda Legassey in Case Number 07-
10724, he shall disgorge and refund $ 500 to Ms. Legassey within 60 days from the date of
the entry of this Order.  Mr. Lawson shall serve the United States Trustee with proof of this
disgorgement within 30 days of same.

12.     With regards to the fees received by Mr. Lawson from Denise Boucher in Case Number 06-
10207, he shall disgorge and refund $500 to Ms. Boucher within 60 days from the date of the
entry of this Order.  Mr. Lawson shall serve the United States Trustee with proof of this
disgorgement within 30 days of same.

13.     Mr. Lawson herein waives any and all right to appeal the entry of this order.

14.     In return for fulfillment of each and every covenant enumerated herein, the U.S. Trustee
agrees to forebear prosecuting an action seeking Mr. Lawson's suspension and/or disbarment
from practice as a member of the bar of the U.S. District Court for the District of Rhode
Island.

15.     The Parties further agree that should the Court reject this stipulation for any reason, the
parties shall be free to proceed litigating the merits of the case as they see fit.

16.     The Parties acknowledge and agree that this stipulation **contains the entire agreement**
between the Parties.  The Parties further acknowledge and agree that the United States
Trustee has not made, and/or given any other representations, promises, inducements, or
rewards, and/or given or promised to give any other consideration of any kind whatsoever
to Edward G. Lawson, Jr., or anyone else on his behalf.

WHEREFORE, the U.S. Trustee, by and through her duly authorized assistant, and Mr. Lawson,
hereby respectfully request the Court accept, and approve this Consent Order and Enter it as a
permanent order of this Court.

EDWARD G. LAWSON, Jr.

_____                     Dated: 7/10/07
Edward G. Lawson, Jr.,


_____                     Dated: 7/10/07
William J. Delaney, Esquire
Counsel for Edward G. Lawson, Jr.
Tillinghast Licht, LLP
Ten Weybosset Street
Providence, RI 02903
(401) 456-1200 Voice
(401) 456-1210 Facsimile


PHOEBE MORSE
The United States Trustee - Region 1

_____                     Dated: 7/10/07
Leonard J. De Pasquale
Assistant U.S. Trustee
U.S. Department of Justice
10 Dorrance Street, Suite 910
Providence, RI 02903
(401) 528-5551 Voice
(401) 528-5163 Facsimile


**ACCEPTED & APPROVED, ENTER**

_____                     Dated: 7/11/07
Arthur N. Votolato
United States Bankruptcy Judge


Order prepared by:
Leonard J. De Pasquale
Assistant U.S. Trustee

Entered on docket
Date: 7/11/07


Page 4 of 4

# EXHIBIT A UNDER SEAL

# EXHIBIT F

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| THOMAS GRASSO, | ) | M.P. |
| | ) | |
| Respondent | ) | |
| | ) | |

### CONSENT ORDER

NOW COMES the United States Trustee ("U.S. Trustee") by and through her duly authorized Assistant, and the respondent Thomas Grasso, Esq. ("Mr. Grasso") individually and by and through counsel, who hereby move this honorable Court to accept and approve this Consent Order in resolution of issues raised by the U.S. Trustee regarding Mr. Grasso's practice before the U.S. Bankruptcy Court.

In sum, this consent order provides that Mr. Grasso will immediately cease practice before the U.S. Bankruptcy Court and that said cessation shall be for a period of FIVE (5) years.

### ACKNOWLEDGMENTS

1.  The U.S. Trustee has initiated an inquiry into the conduct of Mr. Grasso that arose out of his representation of a chapter 7 debtor, Ms. Carol Cardarelli (the "Debtor"). The U.S. Trustee asserts that moments prior to the Debtor being called before a meeting of creditors, she informed Mr. Grasso that she had not disclosed the transfer and sale of a house. Mr. Grasso then failed to advise the Debtor to reveal the sale and the existence of sale proceeds to the Trustee, notwithstanding that he appeared at the meeting of creditors with the Debtor.

2.  The U.S. Trustee asserts that had this matter gone to trial, she would have produced clear and convincing evidence that Mr. Grasso engaged in misconduct, *to wit*: that he violated Rule 8.4 (a) & (d) of the Rules of Professional Conduct.

3.  The specific allegations in support of this Consent Order are as follows:

    a.  On October 15, 2005, Mr. Grasso undertook representation of the Debtor and filed a voluntary Chapter 7 petition on her behalf with the U.S. Bankruptcy Court for the District of Rhode Island; and

b.   On Schedule B of that petition, the Debtor lists that she has 2 bank accounts - a checking account with a $1,000 balance and a joint checking account with a balance of $400. On her Statement of Financial Affairs, the Debtor attests that she had not made any transfers of property in the year preceding her bankruptcy; and

c.   Notwithstanding her assertions to the contrary, the Debtor sold a house located at
5 Savin Street, North Providence, Rhode Island in December of 2004 for $220,000. The net proceeds from this sale were deposited in a bank account at Citizens Bank and, based upon information and belief, totaled $110,000; and

d.   As of the date that her chapter 7 petition was filed, and based upon information and belief, the Debtor's name remained on the Citizens bank accounts with her husband with a balance of $84,119.45   - despite indications that she sought to have her name removed from the account; and

e.   The meeting of creditors in her bankruptcy proceeding was convened on December 8, 2005. Just prior to the Debtor being called, she asserts that she inquired of Mr. Grasso whether she should disclose the sale and transfer of the house and the existence of the proceeds; and

f.   Mr. Grasso failed to instruct the Debtor to disclose the sale and transfer of the house and the existence of net proceeds to the chapter 7 trustee. Accordingly, the Debtor did not disclose these facts at the initial meeting of creditors. Mr. Grasso, then having reason to believe that an asset was not disclosed, did not take appropriate action to remedy the incident.

4. Based on the foregoing allegations, the U.S. Trustee could prosecute an action requesting that the Court issue an Order directing Mr. Grasso to show cause why he should not be referred to the U.S. District Court for disciplinary action.

5. In an effort to resolve the issues raised herein, the U.S. Trustee and Mr. Grasso have agreed to the following terms, subject to Court approval.

## TERMS

6. Mr. Grasso acknowledges and agrees that this matter is a core proceeding by virtue of 28 U.S.C. § 157(b) insofar as the alleged conduct involves the administration of a pending bankruptcy proceeding. *Accord, Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86-87 (1982).

7. Mr. Grasso further acknowledges and agrees that by representing the Debtor in this matter, he has submitted himself to the Court's disciplinary jurisdiction. *Accord*, Local Bankruptcy Rule ("LBR") 2090-2. Mr. Grasso further acknowledges and agrees that by representing the Debtor in this matter, he has agreed to be held to the standards of professional conduct set forth in District Court Local Rule 4(e) as superceded by U.S. District Court Local Rule 208, *to wit*: the Rules of Professional Conduct promulgated by the Rhode Island Supreme Court.

8. Mr. Grasso acknowledges and agrees that the U.S. Bankruptcy Court has both inherent and express authority and jurisdiction in this matter to impose those sanctions the Court deems necessary under the circumstances in accordance with the relevant statutes, rules of this Court and the District Court, and/or applicable law. *Accord*, LBR 9020-2(c).

9. Mr. Grasso attests that prior to entering into this Consent Order, he has obtained the advice of counsel, and that the covenants he makes herein are done so knowingly and voluntarily.

10. Mr. Grasso attests, *without making any admissions*, that grounds for this action exist, and that he has opted to enter into this consent order to avoid the necessity and expense of litigating the allegations referred to in paragraphs 3a - 3f above.

11. Mr. Grasso thus herein agrees to cease any and all practice before the U.S. Bankruptcy Court effective February 28, 2006. Mr. Grasso further agrees that this agreement to cease practice shall include a proscription that he will not represent any party, entity or individual regarding any matter under Title 11 of the U.S. Code, *to wit*: the bankruptcy laws of the United States,
before any Court.

12. Mr. Grasso further agrees that he will cease bankruptcy practice for a period of five (5) years, commencing February 28, 2006 through February 28, 2011. Mr. Grasso further agrees that prior to initiating any bankruptcy practice thereafter, he will make application to the U.S. Bankruptcy Court and submit proof of at least 40 hours of legal education in bankruptcy law by an ABA accredited law school.

13. In consideration of the full and complete performance of the covenants made herein by Mr. Grasso, the U.S. Trustee agrees that she will forebear from commencing an action before the U.S. Bankruptcy Court in this matter to seek an Order directing Mr. Grasso to show cause why he should not be referred to the U.S. District Court for disciplinary action, or from directly initiating an attorney disciplinary action before the U.S. District Court. Mr. Grasso acknowledges and agrees that this is the sole consideration given by the U.S. Trustee in this matter, and that this agreement in no way limits any other rights, remedies, courses of action or obligations that the U.S. Trustee may initiate, or be directed to take.

14. Mr. Grasso acknowledges and agrees that this Consent Order **contains the entire agreement** between the Parties. The Parties further acknowledge and agree that the United States Trustee has not made, and/or given any other representations,

3

promises, inducements, or rewards, and/or given or promised to give any other consideration of any kind whatsoever to Thomas Grasso, or anyone else on his behalf.

15. Mr. Grasso herein waives any and all right to appeal the entry of said order, and he expressly agrees that should the Court reject this Consent Order for any reason, the U.S. Trustee shall be free to proceed litigating the merits of the case as she sees fit.

WHEREFORE, the U.S. Trustee, by and through her duly authorized assistant, and Thomas A. Grasso, Esq., hereby respectfully request the Court accept and approve this Consent Order and enter it as a permanent order of this Court.

Dated: 2/23/06

Thomas A. Grasso, Esq.
50 Power Road
Pawtucket, RI 02860
(401) 725-9590

COUNSEL FOR THOMAS A. GRASSO

C. Leonard O'Brien, Esq. (#1886)
John A. MacFadyen, Esq. (#1209)
MacFadyen, Gescheidt & O'Brien
The Hay Building
129 Dyer St., Unit 1B
Providence, RI 02903
(401) 751-5090

PHOEBE MORSE
The United States Trustee - Region 1

Dated: 2-24-06

Leonard J. De Pasquale
Assistant U.S. Trustee
U.S. Department of Justice
10 Dorrance Street, Suite 910
Providence, RI 02903
(401) 528-5551 (Voice)
(401) 528-5163 (Facsimile)

4

**CONSENT ORDER - IN RE: THOMAS GRASSO**
MP: 06-

## ACCEPTED & APPROVED, ENTER

Dated: _____

_____
Arthur N. Votolato
United States Bankruptcy Judge

Order prepared by:
Leonard J. De Pasquale
Assistant U.S. Trustee

5