# United States Court of Appeals
## For the First Circuit

Nos.   13-8045
       13-2480
       13-2483

IN RE: GEORGE E. BABCOCK,

Respondent, Appellant.

Before

Torruella, Howard and Thompson,
<u>Circuit Judges</u>.

JUDGMENT

Entered:  May 30, 2014

On July 11, 2013, the bankruptcy court in Rhode Island approved a consent decree subjecting Attorney George E. Babcock to disciplinary sanctions.  In particular, because of various transgressions he had committed, Babcock was thereby suspended from practice in that court for a period of one year, effective immediately.[1]  Babcock agreed that sufficient facts existed to support the charges, and also waived his right to appeal.  In due course, the federal district court in Rhode Island imposed reciprocal discipline, likewise suspending Babcock for one year effective as of November 25, 2013.  And this court initiated reciprocal proceedings on December 26, 2013 by issuing a show-cause order, citing the bankruptcy court's order of suspension.

In Nos. 13-2480 and 13-2483, Babcock appeals from the district court's suspension order (and a related directive that he duly notify his clients).  And in No. 13-8045, he has responded to our show-cause order by requesting a hearing but offering no substantive analysis.  Eschewing the opportunity to file an appellate brief or otherwise supplement his show-cause response, Babcock has chosen instead to rely on his district court papers.  Following careful review, we conclude that "the decisional process would not be significantly aided by oral argument," Fed. R. App. P. 34(a)(2)(C), and so dispense with a hearing.  We now

---

[1]   Among his misdeeds were the following: filing documents by CM/ECF that his clients had not signed; failing to have original signatures in his files for documents bearing the purported electronic signature of his clients; failing to disclose the existence of a pending lawsuit he had filed on behalf of his clients; failing to disclose their interest in Florida real estate; and failing to satisfy various notice requirements.

impose a reciprocal order of suspension and affirm the two district court orders in question.

### No. 13-8045

In In re Williams, 398 F.3d 116 (1st Cir. 2005) (per curiam), this court outlined the "limited ... inquiry" that is undertaken in a reciprocal-discipline case. Id. at 119. As "a general rule," we there explained, "discipline similar to that imposed in the [other] court will be imposed." Id.

> Exceptions may arise if this court finds (i) a deprivation of procedural due process (usually defined as a want of notice or opportunity to be heard), (ii) an infirmity of proof of misconduct such as would "give rise to a clear conviction ... that we could not ... accept as final the [other court's] ultimate conclusion," or (iii) the existence of some other serious impediment to acceptance of the [other] court's conclusion.

Id. (quoting Selling v. Radford, 243 U.S. 46, 51 (1917)).[2]  "When all is said and done, the respondent attorney must carry the devoir of persuasion, by clear and convincing evidence, that imposition of reciprocal discipline is unwarranted." Id.

Babcock has made no such showing. His main argument is that the bankruptcy court lacked the authority to impose a suspension and was instead required to refer any disciplinary matter to the district court. A local bankruptcy rule does mention such a "referral" practice, but only provides that the bankruptcy court "may" engage therein, not that it must do so. See R.I. Loc. B.R. 2090-2(b). Moreover, in In re Sheridan, 362 F.3d 96 (1st Cir. 2004), we stated that "the case law overwhelmingly suggests that the bankruptcy court possesses the requisite authority, either inherent or statutory, to regulate its bar as necessary and appropriate." Id. at 110. And Babcock himself has identified three cases in which the Rhode Island bankruptcy court suspended attorneys in accordance with consent decrees, just as was done here.

Babcock's reliance on (and misquotation from) In re Stallworth, 2012 WL 404952 (Bankr. D. Mass. 2012), proves unavailing. Contrary to the suggestion there, our Sheridan decision does not stand for the proposition that bankruptcy courts lack the power to suspend attorneys. In any event, Sheridan is distinguishable for several reasons--including the fact that, unlike the focus there on misconduct committed in multiple bankruptcy cases, Babcock's suspension arose out of his actions in a single case. See, e.g., In re Lehtinen, 565 F.3d 1052, 1057 & n.1 (9th Cir. 2009) (distinguishing Sheridan on such grounds). Furthermore, we noted in Sheridan that the parties could consent "to the entry of a final disposition by the bankruptcy court." 362 F.3d at 100. By entering into a consent decree and waiving his right to appeal, Babcock can be said to have done just that.

Also misplaced is Babcock's assertion that the bankruptcy court's entry of the consent decree was not disciplinary in nature, but instead amounted to a civil contempt adjudication. The suspension was not imposed to coerce specific action or to compensate an injured party. Nor is there any form of "purging"

---

[2]   Rule II.C of this court's Rules of Attorney Disciplinary Enforcement adopts this framework in slightly expanded fashion. It splits the final Selling criterion into two prongs--asking whether "the imposition of substantially similar discipline by this Court would result in grave injustice" and whether "the misconduct established is deemed by the Court to warrant different discipline."

available by which Babcock might shorten his suspension.

We thus find no reason to refrain from imposing discipline similar to that ordered by the bankruptcy court. Accordingly, Babcock will be suspended from the practice of law before this court, effective immediately. This suspension will run concurrently with that imposed by the bankruptcy court, with Babcock becoming eligible to apply for reinstatement at the end of that court's suspension. See, e.g., In re Barach, 540 F.3d 82, 87 (1st Cir. 2008) (per curiam).

## Nos. 13-2480 & 13-2483

Nor has Babcock established that the district court's suspension order constituted an abuse of discretion. See, e.g., In re Zeno, 504 F.3d 64, 66 (1st Cir. 2007) (per curiam) (employing abuse of discretion standard). His principal argument relies on a local rule that calls for commencement of a reciprocal-discipline proceeding whenever a member of the bar has been sanctioned by, inter alia, "any other court of the United States." D.R.I. Loc. R. 214(a). Babcock takes the view that the bankruptcy court is not an "other" court for purposes of this rule. It is true that the district and bankruptcy courts are not entirely separate entities; by statute, for example, the latter is described as a "unit" of the former, and its judges are declared to be "judicial officer[s] of the district court." 28 U.S.C. § 151; see also Sheridan, 362 F.3d at 111 ("the bankruptcy courts function as organizational units of the district court").

Nonetheless, it is clear that the district court regards the bankruptcy court as an "other" court for purposes of Local Rule 214(a). The district judge stated at the hearing that the imposition of discipline in bankruptcy court regularly triggered disciplinary proceedings in district court. And notably, in two of the cases pointed to by Babcock as evidence that the district court was not in the habit of pursuing reciprocal discipline in this context, it turns out that the court had done just that. This interpretation by the district court of its local rule is consistent with the rule's language and is deserving of "particular[] deferen[ce]" from this court. Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 28 (1st Cir. 2012); accord, e.g., In re Kandekore, 460 F.3d 276, 278 (2d Cir. 2006) (according "substantial deference" to district court's construction of local rule involving attorney discipline).

In an argument first raised on appeal, Babcock also faults the district court for refusing to postpone a hearing following his sudden hospitalization. That hearing, non-evidentiary in nature, proceeded with Babcock absent but his counsel present. We perceive no abuse of discretion, particularly given Babcock's failure to identify any prejudice. In any event, his failure to file an appellate brief amounts to a forfeiture of the issue.

For these reasons, the district court's order of suspension and its related directive regarding client notification will be affirmed.

Attorney George E. Babcock is hereby suspended from the practice of law before this court, effective immediately. This suspension will run concurrently with that imposed by the bankruptcy court. Babcock will be eligible to apply for reinstatement when the bankruptcy court's suspension formally ends on July 10, 2014. See 1st Cir. R. of Att'y Discip. Enforcem. VII.A.

The district court's November 25, 2013 order of suspension and its November 26, 2013 order

regarding client notification are affirmed.

So ordered.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
George Babcock
William Delaney
David DiMarzio
Susan Thurston